UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Thomas Boston, | ) | C/A No. 5:15-cv-04262-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Ofc. Gavin Wayne Chavis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §
636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to
review all pretrial matters in such pro se cases and to submit findings and recommendations to
the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district
courts should review prisoner cases to determine whether they are subject to summary
dismissal).

I.     Factual Background

Jason Thomas Boston ("Plaintiff") is an inmate at Evans Correctional Institution in
Bennettsville, South Carolina. In the Complaint under review, Plaintiff alleges Defendant
Chavis, a correctional officer at Evans, harasses him, calls him names, and makes fun of him in
front of other prisoners and officers. He also alleges Defendant filed false disciplinary charges
against him and took him to lock up on the charges on or around September 13, 2015. Compl. 3-
4, ECF No. 1. Plaintiff alleges Defendant and other officers at Evans Correctional Institution file
false charges against inmates and send them to lock up, "holding inmate two and three month
past time." *Id*. at 5. Plaintiff does not allege that Defendant's actions violate any federal
constitutional or statutory rights, but he seeks damages in the total amount of $94,000.00. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Plaintiff's allegations fail to state a plausible federal claim under 42 U.S.C. § 1983,[1] first, because it is well settled that "the use of vile and abusive language is never a basis for a civil

---

[1] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this court under its federal-

rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *see Northington v. Jackson*, 973F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Cameron v. Bonney*, 523 F. App'x 969, 970 (4th Cir. 2013) (allegations of verbal abuse do not state a plausible § 1983 claim). While the statements allegedly made by Defendant were embarrassing to Plaintiff, threats, verbal abuse, or "slander," without more, do not state a cognizable claim under § 1983. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 F. App'x 731, 732 (3d Cir. 2009) (same; *sua sponte* dismissal affirmed). Thus, Plaintiff cannot recover damages from Defendant based on Defendant's verbal taunts, name-calling, or teasing, which Plaintiff calls "harrassment [sic]." ECF No. 1 at 5.

Second, Plaintiff's allegations that Defendant filed false disciplinary charges against him that resulted in some undisclosed period of disciplinary detention also fail to state plausible federal claims. Federal courts have held that the act of filing false disciplinary charges does not violate a prisoner's constitutional rights so long as the prisoner was "granted a hearing, and had the opportunity to rebut the unfounded or false charges." *Freeman v. Rideout*, 808 F.2d 949, 952-

---

question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

53 (2d Cir. 1986); *see also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) (same). Plaintiff does not include any allegations about any disciplinary hearing or lack thereof based on the allegedly false charges. The omission of any such allegations leaves this court with only the allegation that the charge lodged against him was not true, and such an allegation alone fails to state a plausible § 1983 claim.

Additionally, no plausible claim is stated by Plaintiff's allegations that he was placed in "lock up" after the allegedly false charge was lodged against him. "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting the "decision where to house inmates is at the core of prison administrators' expertise"); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'" (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983))). In Plaintiff's Complaint, there are no factual allegations from which this court could infer that Plaintiff's placement in lock-up pending a hearing on a disciplinary charge imposed an atypical or significant hardship on him in relationship to the ordinary incidents of the prison life of inmates in the general population. *Cf. Incumaa v. Stirling*, 791 F.3d 517, 529-32 (4th Cir. 2015) (using the general population as a "baseline," prisoner's proof of solitary confinement for 20 years implicated due process concerns). Thus, no plausible constitutional claim is stated by Plaintiff's un-detailed reference to his being placed in lock-up as a result of the disciplinary-violation charge that Defendant lodged against him.

Finally, Plaintiff's allegation that Defendant and other officials or employees at Evans place other inmates in lock-up and hold them "two or three months past time," ECF No. 1 at 5,

4

does not state a plausible claim because a pro se-litigant prisoner may not assert claims on the behalf of other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a pro se prisoner cannot be an advocate for others); *Carroll v. United States*, No. 5:14-cv-02167-JMC, 2015 WL 854927, at *9 (D.S.C. Feb. 27, 2015) (collecting cases). Plaintiff does not allege that he, personally, was held in lock-up for an excessive period of time or that he was held "past time." He only asserts that other inmates have experienced excessive confinement. As stated, Plaintiff cannot pursue the constitutional claims of other prisoners, and his allegations are insufficient to state a plausible claim on his own behalf.

IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 30, 2015                                    Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).